DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
MICHAEL A. HUMPHREYS
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:15-CV-586-JCM-(CWH) |
| $21,000 IN UNITED STATES CURRENCY, | ) |
| Defendant. | ) |

**DEFAULT JUDGMENT OF FORFEITURE AS TO THE $21,000 IN UNITED STATES CURRENCY, JAMES ALAN STONE AKA JAMES ALAN TOWNLEY, RICHARD SPURLOCK, AND ALL PERSONS OR ENTITIES WHO CLAIM AN INTEREST IN THE $21,000 IN UNITED STATES CURRENCY**

**I. FACTS**

On October 24, 2014, investigators at McCarron International Airport were notified by Ohio law enforcement officers that James Alan Stone (AKA James Alan Townley) and Richard Spurlock were currently flying into Las Vegas, Nevada from Columbus, Ohio.

The investigators were advised by the Ohio officers that Stone had drug-derived currency in his possession. After Stone and Spurlock's plane arrived at the airport in Las Vegas, investigators followed each to the baggage claim area where Stone was seen retrieving his checked suitcase.

Investigators made contact with Stone and Spurlock and each agreed to talk to them. Stone told the officers that he did not have any large sums of money in his suitcase and consented to their search of it. Inside the suitcase were found three separate stacks of United States Currency in three different pairs of pants. The total amount of the currency found was $21,000, made up primarily of $20 bills (twenty-dollar denominations are the most commonly used method of payment for street-level narcotics). The currency was wrapped in rubber bands, which is the typical manner in which drug-derived proceeds are transported.

Statements made by Stone and Spurlock to the investigators were vague and inconsistent. Initially Stone claimed that he only had $600 in his possession. However, once the search revealed the currency in his suitcase (and before it had been counted by law enforcement), he claimed it was his and that it totaled about $10,000. Stone said he was traveling alone. Spurlock said he and Stone were traveling together. Stone said he had come to Las Vegas to gamble. Spurlock said he and Stone's purpose in coming to Las Vegas was to visit the coroner and identify Spurlock's recently-deceased brother. The county morgue confirmed that no one named Spurlock was scheduled to or expected to identify a body. Stone stated he had never been arrested for robbery, but a criminal history check revealed he was convicted in 1995 for robbery in an Ohio state court.

Stone admitted that he had been unemployed for over a year and claimed that he made his money gambling.

A trained narcotics canine alerted to the $21,000.

## II. PROCEDURE

The United States filed a verified Complaint for Forfeiture in Rem on March 31, 2015. Complaint, ECF No. 1. The Complaint (ECF No. 1) alleges the defendant property:

    a.    was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

2

  b. is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6); and

  c. was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

On April 2, 2015, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. Order for Summons and Warrant, ECF No. 3; Summons and Warrant, ECF No. 4.

Pursuant to the Order (ECF No. 3), the Complaint (ECF No. 1), the Order (ECF No. 3), the Summons and Warrant (ECF No. 4), and the Notice of Complaint for Forfeiture (ECF No. 5, p. 3-4; ECF No. 6, p. 3-4; ECF No. 8, p. 12-13 and 39-40; ECF No. 9, p. 13-14) were served on the $21,000 in United States Currency and all persons claiming an interest in the $21,000 in United States Currency. Notice was published according to law.

Pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp. Rule") G(5), all persons interested in the defendant property were required to: (1) file a verified claim, setting forth the person's or its interest in the property, that (a) identifies the specific interest in the property claimed, (b) identifies the claimant and states the claimant's interest in the property, and (c) is signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101, no later than 21 days after filing the verified claim; and (4) serve a copy of the verified claim and the answer at the time of each filing on Michael A. Humphreys, Assistant United States Attorney, Lloyd

3

D. George United States Courthouse, 333 Las Vegas Boulevard South, Suite 5000, Las Vegas, Nevada 89101. Complaint, ECF No. 1; Order for Summons and Warrant, ECF No. 3; Summons and Warrant, ECF No. 4; Notice of Complaint, ECF No. 5, p. 3-4; ECF No. 6, p. 3-4; ECF No. 8, p. 12-13 and 39-40; ECF No. 9, p. 13-14).

Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from April 7, 2015, through May 6, 2015. Notice of Filing Proof of Publication, ECF No. 7.

On April 6 2015, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Filing Service of Process, ECF No. 5.

On April 6, 2015, he United States Marshals Service personally served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on James Alan Stone, by and through his Counsel Michael N. Aisen, Esq. Notice of Filing Service of Process – Personal Service, ECF No. 6, 2-15.

On April 6, 2015, the United State Attorney's Office served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on James Alan Townley, 185 Linfield Place, Columbus, OH, 43219, by certified return receipt mail. Notice of Filing Service of Process – Mailing, ECF No. 8, p. 4-6 and 12-24; Supplemental Notice of Filing Service of Process – Mailing for James Alan Townley and James Alan Stone, ECF No. 9.

On April 6, 2015, the United States Attorney's Office served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on James Alan Stone, 185 Linfield Place, Columbus, OH, 43219, by certified return receipt mail. Notice of Filing Service of Process – Mailing, ECF No. 8, p. 7-9 and 12-24; Supplemental Notice of Filing Service of Process – Mailing for James Alan Townley and James Alan Stone, ECF No. 9.

On April 6, 2015, the United States Attorney's Office attempted to serve Richard Spurlock, 1252 Gennessee Avenue, Columbus, OH 43219, with the Complaint, the Order, the

4

Summons and Warrant of Arrest in Rem for the Property, and the Notice, but it was returned "Return to Sender, No Such Number, Unable to Forward." Notice of Filing Service of Process – Mailing, ECF No. 8, p. 10-24.

On April 30, 2015, the United States Attorney's Office served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Richard Spurlock, 6234 Lowbridge Drive, Apt. A., Canal Winchester, OH, 43110, by regular and certified return receipt mail. Notice of Filing Service of Process – ECF No. 8, p. 25-28 and 39-51.

On April 30, 2015, the United States Attorney's Office served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Richard Spurlock, 2677 Dartmouth Drive, Columbus, OH, 43219, by regular mail. Attempted service by certified return receipt mail was returned "Return to Sender, Insufficient Address, Unable to Forward." Notice of Filing Service of Process – ECF No. 8, p. 29-33 and 39-51.

On April 30, 2015, the United States Attorney's Office, served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Richard Spurlock, 4855 Charlton Ct., Columbus, OH, 43229, by regular mail. Attempted service by certified return receipt mail was returned "Unclaimed." Notice of Filing Service of Process – ECF No. 8, p. 34-51.

No person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

On June 9, 2015, the United States filed a Motion for Entry of Clerk's Default against the: (1) the $21,000 in United States Currency; (2) James Alan Stone aka James Alan Townley; (3) Richard Spurlock; and (4) all persons or entities who claim an interest in the $21,000 in United States Currency in the above-entitled action. Motion for Entry of Clerk's Default, ECF No. 10.

On June 10, 2015, the Clerk of the Court entered a Default against: (1) the $21,000 in United States Currency; (2) James Alan Stone aka James Alan Townley; (3) Richard Spurlock; and (4) all

. . .

persons or entities who claim an interest in the $21,000 in United States Currency in the above-entitled action. Entry of Clerk's Default, ECF No. 11.

James Alan Townley is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003.

James Alan Stone is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003.

Richard Spurlock is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003.

James Alan Townley is neither a minor nor an incompetent person.

James Alan Stone is neither a minor nor an incompetent person.

Richard Spurlock is neither a minor nor an incompetent person.

**III.  JUDGMENT**

Pursuant to Fed. R. Civ. P. 54(c) and 55(b), the judgment by default does not "differ in kind from, or exceed [the] amount" of relief listed in the complaint for forfeiture.

**IV.  DEFAULT AND ENTRY OF DEFAULT**

As shown above, the United States has requested entry of Clerk's Default against: (1) the $21,000 in United States Currency; (2) James Alan Stone aka James Alan Townley; (3) Richard Spurlock; and (4) all persons or entities who claim an interest in the $21,000 in United States Currency in the above-entitled action (ECF No. 10).  The Clerk entered the Default as requested (ECF No. 11).

**V.  NOTICE**

Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days. See above.  Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on all known potential claimants. See above.

## VI. LEGAL SUFFICIENCY OF THE COMPLAINT

The Complaint filed in this action was verified. The Court has subject matter jurisdiction, in rem jurisdiction over the $21,000 in United States Currency, and venue. The Complaint described the property with reasonable particularity. The Complaint states where the seizure of the $21,000 in United States Currency occurred and its current location. The Complaint identifies the statute under which the forfeiture action is brought. The Complaint alleges sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden proof at trial. See facts above. Complaint, ECF No. 1. Fed. R. Civ. P. Supp. Rule G(2).

The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

## VII. POTENTIAL CLAIMANTS

No person has filed a claim and the time to file a claim has passed.

Based on the foregoing this Court finds that the United States has shown its entitlement to a Default Judgment of Forfeiture as to: (1) the $21,000 in United States Currency; (2) James Alan Stone aka James Alan Townley; (3) Richard Spurlock; and (4) all persons or entities who claim an interest in the $21,000 in United States Currency.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered against: (1) the $21,000 in United States Currency; (2) James Alan Stone aka James Alan Townley; (3) Richard Spurlock; and (4) all persons or entities who claim an interest in the $21,000 in United States Currency in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the $21,000 in United States Currency be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party.

. . .

. . .

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

_____
UNITED STATES DISTRICT JUDGE

DATED: June 12, 2015